UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5: 21-CV-387

| | |
|---|---|
| National Van Lines, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | |
| National Van Lines Group, ) | |
| John Doe Companies 1 – 3, ) | |
| John Does 1 – 5, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, National Van Lines, Inc., by and through its attorneys, Aronberg Goldgehn Davis & Garmisa and Carruthers & Roth, P.A., for its Complaint against National Van Lines Group, John Doe Companies 1-3 and John Does 1-5 (collectively "Defendants"), states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

### Nature of the Case

1. National Van Lines, Inc. ("NVL") owns a family of famous and protectable trademarks based on the NATIONAL brand identity. The NATIONAL® brand has been in use for over 90 years and has become famous and widely known for its moving services.

2. This action is brought by NVL to put an end to Defendants' willful and continued infringement of NVL's famous and distinctive trademarks on their websites and marketing materials without NVL's approval or permission to use those trademarks.

3. Defendants' actions do not have any affiliation with or authorization by NVL and were undertaken with bad faith as defined by the Lanham Act (15 U.S.C. § 1125, *et seq.*).

4. Defendants created their confusingly similar trademark NATIONAL VAN LINES GROUP brand to profit from the fame and notoriety of the NATIONAL® brand. Defendants NATIONAL VAN LINES GROUP Mark is confusingly similar to NVL's distinctive and famous trademarks, including NATIONAL® and NATIONAL VAN LINES®.

5. This is an action for trademark infringement in violation of 15 U.S.C. § 1114 (Section 32 of the Lanham Act); the use of false designation of origin and false and misleading descriptions and representations in violation of 15 U.S.C. § 1125(a) (Section 43 of the Lanham Act); trademark dilution in violation of 15 U.S.C. § 1125(c); violations of the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)); North Carolina common law trademark infringement and unfair competition (N.C. Gen. Stat. § 80-13); and violation of the North Carolina Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. § 75-1.1 *et. seq*).

**The Parties**

6. Plaintiff is a corporation organized and exists under the law of the State of Illinois with its principal place of business at 2800 West Roosevelt Road, Broadview, Illinois 60155.

7. Upon information and belief, Defendant, National Van Lines Group is a family owned moving business with its principal place of business at 167 Challis Dr, Fremont, NC 27830.

8. Defendant National Van Lines Group provides commercial and residential moving services locally and nationwide.

9. Upon information and belief, Defendant John Doe Companies 1 – 3 are unknown to Plaintiff and have an interest in, affiliation with, or are in active cooperation and participation with Defendant National Van Lines Group's infringing actions.

10. Upon information and belief, Defendants John Does 1 – 5 are currently unknown to Plaintiff and consist of the owners, managers, members, shareholders, and active, moving, conscious force behind the infringing acts of Defendants.

## Jurisdiction and Venue

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 15 U.S.C. 1121, as it involves substantial claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and under the state laws of North Carolina.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

13. This Court has personal jurisdiction over Defendants because Defendants reside in within the State of North Carolina and within this District, because Defendants transacted business relative to the claims made within the State of North Carolina and within this District, and because Defendants purposefully availed themselves of the benefits and privileges of conducting business activities within the State of North Carolina and within this District.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## Factual Background

*NATIONAL Trademarks*

15. Since 1928, NVL has marketed, advertised, and provided its nationwide residential and corporate moving services under the NATIONAL marks.

16. NVL exclusively owns numerous U.S. trademark registrations (collectively referred to as the "NATIONAL Marks"). True and correct copies of the NATIONAL Marks

certificates of registration and application are attached hereto as **Exhibits A through D** and are incorporated herein by reference. The federally-registered NATIONAL marks consist of the following:

| Exhibit | Trademark | Registration Number | Goods/Services |
|---|---|---|---|
| A | NATIONAL VAN LINES | 563,950 Registered on September 9, 1952 | "Transportation of goods by motor van" |
| B | NATIONAL VAN LINES, INC. (logo) | 712,297 Registered on March 7, 1961 | "Transportation of household goods and uncrated new furniture, storing, and arranging for the shipment of goods incidental to said transportation" |
| C | NATIONAL VAN LINES, INC. (logo) | 1,716,566 Registered on September 15, 1991 | "Moving van services" |
| D | NATIONAL | 1,718,818 Registered on September 22, 1992 | "Moving van services" |

17. The NATIONAL Marks have been used exclusively and continuously by NVL and have never been abandoned. The above U.S. registrations constitute *prima facie* evidence of the marks' validity and of NVL's exclusive right to use the NATIONAL Marks pursuant to 15 U.S.C. § 1057(b).

18. The NATIONAL Marks are valid, subsisting, in full force and effect, and are incontestable pursuant to 15 U.S.C. § 1065.

19. Based on the NATIONAL Marks having been in continuous and substantially exclusive use since at least 1959, as well as being the subject of the expenditure of significant amounts of dollars in promotion and advertising, the NATIONAL Marks are recognized as

indicators of source for NVL's high-quality moving services, and are the embodiments of the substantial and valuable goodwill associated with NVL's services.

20. These NATIONAL Marks are a critical component of consumers' ability to readily identify NVL's services.

21. As a result of NVL's substantial efforts, the NATIONAL Marks have become famous in the minds of consumers to identify NVL as the source for NVL's services.

22. The NATIONAL Marks are extremely valuable assets of NVL.

*Defendants' Wrongdoing*

23. Upon information and belief, Defendants have been using "NATIONAL VAN LINES GROUP" mark in connection with its moving and storage business.

24. Defendants also adopted the design mark  in connection with its moving and storage services.

25. Defendants own and operate the website https://nationalvanlinesgroup.com/ ("Defendants' Domain").

26. Through the Defendants' Domain, Defendants advertise and market their moving and storage services under the NATIONAL VAN LINES GROUP Mark. A true and correct printout of Defendants' Website at the Defendants' Domain is attached hereto as **Exhibit E** and incorporated herein by reference.

27. Defendants' Domain advertises and markets their moving and storage throughout the United States and within this judicial district using the NATIONAL VAN LINES GROUP Mark.

5

28. On August 23, 2021, NVL sent a letter to Defendants concerning its unauthorized use of the NATIONAL VAN LINES GROUP Mark in connection with its moving services. A true and correct copy of the letter is attached hereto as **Exhibit F** and incorporated herein by reference.

29. Defendants did not respond to the August 23, 2021 letter.

30. Despite being on notice of their unlawful activities, Defendants continue using and expanding the use of the NATIONAL VAN LINES GROUP Mark in connection with their services without permission or authorization from NVL.

31. On information and belief, one of Defendants' representatives contacted one of NVL's customers about moving with Defendant and the customer was led to believe Defendant was representing NVL.

32. Based on these acts, actual confusion exists in the marketplace.

33. Defendants' wrongful acts are an intentional and willful misappropriation of the NATIONAL Marks and the goodwill and reputation associated with them.

34. Defendants' continued unauthorized use of the NATIONAL Marks has been done and continues to be done with the intent to confuse and mislead the public into believing that Defendants' services are related to, affiliated with, or endorsed by NVL.

35. Defendants' wrongful acts have and will continue to have a substantial and adverse effect on United States commerce as the consumers are wrongfully informed and believe that Defendants' services are related to, affiliated with, or endorsed by NVL.

36. Defendants' wrongful acts and/or willful infringements have caused and will continue to cause irreparable harm to NVL unless permanently enjoined, for which NVL has no adequate remedy at law.

37. Defendants are profiting and will continue to profit from their unlawful actions.

38. Defendants' unlawful actions are causing and will continue to cause NVL monetary damages in an amount presently unknown, but to be determined at trial.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

39. NVL repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

40. NVL is the owner of the NATIONAL Marks.

41. The NATIONAL are valid and enforceable.

42. The NATIONAL Marks are incontestable pursuant to 15 U.S.C. § 1065.

43. Because of NVL's long, continuous, and exclusive use of the NATIONAL Marks, the marks have come to mean, and are understood by customers, users, and the public to signify, that the services come from NVL.

44. Defendants have not been granted any right to use the NATIONAL Marks.

45. Defendants have used and continue to use the NATIONAL VAN LINES GROUP Mark in connection with competing services to the NATIONAL® and NATIONAL VAN LINES® branded services.

46. Defendants' use of the NATIONAL VAN LINES GROUP Mark in connection with their services have caused actual confusion and is likely to continue to cause confusion or mistake in the minds of consumers to believe that Defendants' services under the NATIONAL VAN LINES GROUP Mark emanate originate from NVL and/or that NVL sponsored or is associated with Defendants' services, which are false.

47. Defendants' infringing conduct is intended to exploit the goodwill and reputation associated with the NATIONAL Marks and to obtain a competitive advantage without expenditure of resources, by a strategy of willful infringement.

48. NVL has no control or supervision over Defendants' services that bear the NATIONAL Marks.

49. NVL's valuable goodwill has been and continues to be damaged by Defendants through marketing and advertising carrying the NATIONAL Marks.

50. Defendants' wrongful acts and/or wrongful infringements, for which NVL has no adequate remedy at law, have caused and will continue to cause irreparable harm to NVL unless permanently enjoined.

51. Defendants' actions constitute willful infringement of the NATIONAL Marks in total disregard of NVL's proprietary rights.

52. Defendants' infringement is not innocent because they had prior and ongoing notice of the NATIONAL Marks.

53. Defendants are liable for trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

54. Defendants' continued actions make this case exceptional under 15 U.S.C. § 1117(a).

**COUNT II**
**FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE AND MISLEADING REPRESENTATIONS (15 U.S.C. § 1125(a))**

55. NVL repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

56. NVL is the owner of the NATIONAL Marks.

8

57. The NATIONAL are valid and enforceable.

58. The NATIONAL Marks are incontestable pursuant to 15 U.S.C. § 1065.

59. Because of NVL's long, continuous, and exclusive use of the NATIONAL Marks, the marks have come to mean, and are understood by customers, users, and the public to signify the services come from NVL.

60. Defendants have not been granted any right to use the NATIONAL Marks.

61. Defendants have used and continue to use the NATIONAL VAN LINES GROUP Mark in connection with competing services to the NATIONAL® and NATIONAL VAN LINES® branded services.

62. Defendants' use of the NATIONAL VAN LINES GROUP Mark in connection with their services have caused actual confusion and is likely to continue to cause confusion or mistake in the minds of consumers to believe that Defendants' services under the NATIONAL VAN LINES GROUP Mark emanate and originate from NVL and/or that NVL sponsored or is associated with Defendants' services, all of which are false.

63. Defendants' infringing conduct is intended to exploit the goodwill and reputation associated with the NATIONAL Marks and to obtain a competitive advantage without expenditure of resources, by a strategy of willful infringement.

64. NVL has no control or supervision over Defendants' services that bear the NATIONAL Marks.

65. NVL's valuable goodwill has been and continues to be damaged by Defendants through marketing and advertising carrying the NATIONAL Marks.

66. Defendants' wrongful acts and/or wrongful infringements, for which NVL has no adequate remedy at law, have caused and will continue to cause irreparable harm to NVL unless permanently enjoined.

67. Defendants are liable for trademark infringement, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III
## FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c))

68. NVL repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

69. NVL is the owner of the NATIONAL Marks.

70. The NATIONAL are valid and enforceable.

71. The NATIONAL Marks are incontestable pursuant to 15 U.S.C. § 1065.

72. Because of NVL's long, continuous, and exclusive use of the NATIONAL Marks, the marks have come to mean, and are understood by customers, users, and the public to signify the services come from NVL.

73. Due to NVL's continuous and long-standing use in commerce, the NATIONAL Marks are famous within the meaning of the law.

74. The NATIONAL Marks became famous prior to Defendants' unlawful use of their NATIONAL VAN LINES GROUP Mark.

75. Defendants have not been granted any right to use the NATIONAL Marks.

76. Defendants have used and continue to use the NATIONAL VAN LINES GROUP Mark in connection with competing services to the NATIONAL® and NATIONAL VAN LINES® branded services.

77. Defendants' use of the NATIONAL VAN LINES GROUP Mark in connection with their services have caused actual confusion and is likely to continue to cause confusion or mistake in the minds of consumers to believe that Defendants' services under the NATIONAL VAN LINES GROUP Mark emanate and originate from NVL and/or that NVL sponsored or is associated with Defendant's services, all of which are false.

78. Defendants' unauthorized use of NATIONAL VAN LINES GROUP Mark injures NVL's business reputation and has diluted and, unless enjoined by this Court, is likely to continue to dilute, the distinctive qualities of the NATIONAL Marks absent injunctive relief.

79. Defendants' infringing conduct is intended to exploit the goodwill and reputation associated with the famous NATIONAL Marks and to obtain a competitive advantage without expenditure of resources, by a strategy of willful infringement.

80. NVL has no control or supervision over Defendants' services provided in connection with the NATIONAL VAN LINES GROUP Mark.

81. NVL's valuable goodwill has been and continues to be damaged by Defendants.

82. Defendants' wrongful acts and/or wrongful infringements, for which NVL has no adequate remedy at law, have caused and will continue to cause irreparable harm to NVL unless permanently enjoined.

83. Defendants are liable for trademark dilution, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c).

## COUNT IV
## CYBERSQUATTING (15 U.S.C. § 1125(d))

84. NVL repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

85. NVL is the owner of the NATIONAL Marks.

86. The NATIONAL Marks are valid and enforceable.

87. The NATIONAL Marks are incontestable pursuant to 15 U.S.C. § 1065.

88. Because of NVL's long, continuous, and exclusive use of the NATIONAL Marks, the marks have come to mean, and are understood by customers, users, and the public to signify, that the services come from NVL.

89. Due to NVL's continuous and long-standing use in commerce, the NATIONAL Marks are famous within the meaning of the law.

90. The NATIONAL Marks became famous prior to Defendants' unlawful use of their NATIONAL VAN LINES GROUP Mark.

91. Defendants have not been granted any right to use the NATIONAL Marks.

92. Defendants registered, used, and/or trafficked in Defendants' Domain, which is confusingly similar to and dilutive of the NATIONAL Marks.

93. Defendants registered, used, and/or trafficked in Defendant's Domain with a bad faith intent to profit from its confusingly similarity to the NATIONAL Marks. Among other things, upon information and belief:

    A. Defendants registered Defendants' Domain, despite knowing that Defendants had no rights in any name or mark and was not known by any name that was referenced or reflected in the Defendants' Domain;

    B. Defendants made no bona fide, non-infringing, commercial use or fair non-commercial use of the Defendants' Domain; and

    C. Defendants intended to divert consumers looking for NVL's services online to Defendants' website by exploiting the confusing similarity of

12

Defendants' Domain and the NATIONAL Mark for Defendants' commercial gain.

94. Defendants have used and continue to use the NATIONAL Marks in connection with competing services to the NVL branded services.

95. Defendants' conduct alleged above is directly and proximately causing substantial, immediate, and irreparable harm and injury to NVL, and to its goodwill and reputation, and will continue to damage NVL unless enjoined by this Court.

96. NVL has no adequate remedy at law.

97. NVL is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other injunctive relief, transfer of Defendants' Domain to NVL.

98. NVL is further entitled to recover its damages and Defendants' profits, enhanced as the Court deems appropriate and equitable, in amounts to be proven at trial, pursuant to 15 U.S.C. § 1117(a).

99. Alternatively, NVL is entitled to maximum statutory damages in the amount of $100,000 for Defendant's Domain Name pursuant to 15 U.S.C. § 1117(d).

100. NVL is further entitled to recover its attorneys' fees and costs, together with prejudgment and post-judgment interest.

## COUNT V
## NORTH CAROLINA COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

101. NVL repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

102. NVL is the owner of the NATIONAL Marks.

103. The NATIONAL Marks are valid and enforceable.

104. The NATIONAL Marks are incontestable pursuant to 15 U.S.C. § 1065.

105. Because of NVL's long, continuous, and exclusive use of the NATIONAL Marks, the marks have come to mean, and are understood by customers, users, and the public to signify the services come from NVL.

106. NVL, at great expense and effort, has acquired a property interest in the State of North Carolina in the NATIONAL Marks.

107. Defendants have misappropriated NVL's labors and expenditures.

108. Defendants have used and continues to use the NATIONAL VAN LINES GROUP Mark in connection with competing services to the NATIONAL® and NATIONAL VAN LINES® branded services.

109. Defendants' use of the NATIONAL VAN LINES GROUP Mark in connection with their services have caused actual confusion and is likely to continue cause confusion or mistake in the minds of consumers to believe that Defendants' services under the NATIONAL VAN LINES GROUP Mark emanate originate from NVL and/or that NVL sponsored or is associated with Defendants' services, which are false.

110. Defendants' infringing conduct is intended to exploit the goodwill and reputation associated with the NATIONAL Marks and to obtain a competitive advantage without expenditure of resources, by a strategy of willful infringement.

111. Defendants' conduct is an attempt to wrongfully profit from the expense, effort, and reputation of NVL within the State of North Carolina.

112. Defendants' wrongful acts and/or wrongful infringements, for which NVL has no adequate remedy at law, have caused and will continue to cause irreparable harm to NVL unless permanently enjoined.

113. The conduct of Defendants complained of above was willful, deliberate and fraudulent.

114. Defendants are liable for trademark infringement, in violation of North Carolina law.

115. NVL is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages, punitive damages pursuant to N.C. Gen. Stat. §1D, and reasonable attorneys' fees.

## COUNT VI
## NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

116. NVL repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

117. NVL is the owner of the NATIONAL Marks.

118. The NATIONAL Marks are valid and enforceable.

119. The NATIONAL Marks are incontestable pursuant to 15 U.S.C. § 1065.

120. Because of NVL's long, continuous, and exclusive use of the NATIONAL Marks, the marks have come to mean, and are understood by customers, users, and the public to signify the services come from NVL.

121. Defendants have not been granted any right to use the NATIONAL Marks.

122. NVL, at great expense and effort, has acquired a property interest in the State of North Carolina in the NATIONAL Marks.

123. Defendants have used and continues to use the NATIONAL VAN LINES GROUP Mark in connection with competing services to the NATIONAL® and NATIONAL VAN LINES® branded services.

124. Defendants have intentionally, willfully, and unlawfully misappropriated NVL's rights in the NATIONAL Marks.

125. Defendants' intentional and willful acts have unfairly deceived the public, and will continue to unfairly deceive the public, causing confusion and mistake as to the affiliation, connection, or association with, or sponsorship with NVL.

126. Defendants' use of the NATIONAL VAN LINE GROUPS Mark in connection with their services have caused actual confusion and is likely to continue cause confusion or mistake in the minds of consumers to believe that Defendants' services bearing the NATIONAL VAN LINES GROUP Mark emanate and originate from NVL and/or that NVL sponsored or is associated with Defendants' services, all of which are false.

127. Defendants' conduct is an attempt to wrongfully profit from the expense, effort, and reputation of NVL within the State of North Carolina.

128. The conduct of Defendants complained of above was and is in and/or affecting commerce.

129. The conduct of Defendants complained of above was unfair and/or had and has the capacity and/or tendency to deceive.

130. The conduct of Defendants complained of above was willful, deliberate and fraudulent.

131. NVL has suffered actual injury as a direct and proximate result of the aforementioned conduct of Defendants.

132. Defendants' wrongful acts and/or wrongful infringements, for which NVL has no adequate remedy at law, have caused and will continue to cause irreparable harm to NVL unless permanently enjoined.

133. Defendants are liable for deceptive and unfair trade practices and methods of competition, in violation of N.C. Gen. Stat. § 75-1.1 *et seq*.

134. NVL is entitled to recover all damages sustained as a result of the acts of Defendants, including any all revenues and/or profits derived by them, together with treble damages, costs and attorneys' fees, pursuant to N. C. Gen. Stat. §§75-16 and 75-16.1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, National Van Lines, Inc. ("NVL"), respectfully requests that this Court:

1. Grant judgment in favor of NVL and against Defendants on all claims;

2. Temporarily, preliminarily, and permanently enjoin and restrain Defendants, their officers, agents, servants, employees, attorneys, successors, assignees, and subsidiaries, and any and all persons acting in concert or participating with them, from:

   a. using the NATIONAL Marks, or any reproduction, copy, or colorable image of said mark, in connection with moving and storage services;

   b. using the NATIONAL Marks or any reproduction, copy, or colorable imitation of the same, in any manner likely to cause others to believe that Defendants' services are approved or sponsored by NVL;

   c. passing-off, inducing, or enabling others to offer or pass off any services, which are not approved by NVL as having been approved by NVL;

   d. committing any other acts calculated to cause purchasers to believe that Defendants' services are approved by NVL;

   e. disposing of, destroying, moving, secreting, relocating, and/or transferring any and all of Defendants' marketing and advertising material branded with the NATIONAL Marks, without Court direction; and

   f. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs.

 3. Order Defendants and any and all persons controlled by or acting in concert with Defendants to be required to deliver up to NVL for destruction all goods, packages, and any other written or printed materials that bear or depict the NATIONAL Marks, or any reproduction, copy, or colorable imitation of the same, or that are otherwise in violation of this Court's order issued pursuant hereto, an all means for making the same;

 4. Order Defendants to account for, and pay over to NVL, Defendants' profits, all damages sustained by NVL, and costs of this action pursuant to 15 U.S.C. § 1117(a);

 5. Increase the amount of damages and/or profits awarded to NVL in a sum equal to three times the actual damages suffered by NVL, as provided in 15 U.S.C. § 1117(b);

 6. Award NVL statutory damages in the amount of $100,000 for violation of the Anti-Cybersquatting Protection Act through Defendants' Domain pursuant to 15 U.S.C. § 1117(d).

 7. Find that this is an exceptional case and award NVL the fees, costs, and disbursements, with interest, expended in connection with any actions taken to investigate and confirm the claims made herein pursuant to 15 U.S.C. § 1117, or otherwise by law;

 8. Award treble damages in an amount to be proven at trial, under N. C. Gen. Stat. §75-16.1;

 9. Find that this is an exceptional case and award NVL its reasonable attorneys' fees, costs, disbursements, with interests, pursuant to 15 U.S.C. §1117, or otherwise as provided by law;

10. Award punitive damages in an amount equal to three times the compensatory damages awarded by the court or $250,000 whichever is higher, pursuant to N.C. Gen. Stat. §1D-25 and 35;

11. Award to NVL its costs and attorneys' fees under N.C. Gen. Stat. §75-16.1 and otherwise;

12. Grant such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

This 23rd day of September, 2021

            /s/ Christopher W. Niro
Christopher W. Niro (*Pro Hac Vice*)
Aronberg Goldgehn Davis & Garmisa
330 N Wabash Avenue, Suite 1700
Chicago, IL 60611
Telephone: (312) 828-9600
Facsimile: (312) 222-6381
cniro@agdglaw.com
Illinois State Bar No. 6300428
Attorney for Plaintiff

            /s/ Michael J. Allen
Michael J. Allen
Carruthers & Roth, P.A.
P.O. Box 540
Greensboro, NC 27402
Telephone: (336) 379-8651
Facsimile: (336) 478-1175
mja@crlaw.com
NC State Bar No. 18030
Local Civil Rule 83.1(d) Counsel for Plaintiff